UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RUBY RUIZ,**<br><br>  **Plaintiff,**<br><br>**V.**<br><br>**FULTON COUNTY SCHOOL DISTRICT,**<br><br>  **Defendant.** | 1:19-cv-02943-ODE-JCF |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Ruby Ruiz, by and through undersigned counsel, The Kirby G. Smith Law Firm, hereby makes her mandatory disclosures as follows:

**1.     State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiff worked for Defendant as a teacher at Elkins Pointe Middle School. At all times relevant to this matter, she suffered from osteoarthritis, a condition that

restricts her ability to walk or stand for extended periods of time due to swelling, secondary to pain of her joints of the knee, ankle, and hips.

On or about April 13, 2019, Dr. Young Kang with River Parc Internal Medicine recommended the following accommodations for Plaintiff's disability: 1) allow Plaintiff to teach sitting at a desk; 2) no prolonged walking more than 50-100 feet; 3) no lifting more than 50 lbs.; 4) avoid tasks involving stairs; 5) avoid supervising students for state standardized testing; and 6) assign classes of no more than 12 students.

On or about May 30, 2018, Defendant approved Dr. Ruiz for an accommodation that included the condition that classroom assignments must be in close proximity and not require the use of stairs. Upon information and belief, Defendant understood that "close proximity" meant no more than 100 feet.

Because Elkins Pointe closed for summer break, Plaintiff's accommodations were not put in place until August 2018. In early August 2018, Plaintiff was assigned a single classroom for her classes.

Several weeks later, Defendant moved Plaintiff to a different position and assigned her a course schedule requiring her to teach in multiple classrooms throughout the day. The schedule assigned to Plaintiff required that she move to a

different classroom after each of her eight (8) class periods. Upon information and belief, the distance Plaintiff traveled between classrooms ranged from 82 feet to 224 feet.

Plaintiff's disabling condition was significantly exacerbated as a result of this class schedule and the required movement throughout the day. Plaintiff requested that Defendant change her class schedule to meet the previously-approved accommodations. Defendant refused to alter Plaintiff's work schedule. Due to Plaintiff's worsened condition, she went on a leave of absence and has since been placed onto Long-Term Disability.

**2. Describe in detail all statues, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.**

Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA).

**3. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

The following individuals are likely to have discoverable information that may be used to support Plaintiff's claims:

1) Ruby Ruiz, Plaintiff

Plaintiff may be reached through Plaintiff's counsel.

2) Dr. Young Kang

Dr. Kang has treated Plaintiff for a disability relevant to this lawsuit and may have information regarding Plaintiff's medical condition and accommodation requests. He can be reached at the following location:

> River Parc Internal Medicine
> 4855 River Green Parkway, Suite 140
> Duluth, GA 30096
> 678-417-0077

3) Dr. Nelly Mizrahi

Dr. Mirzrahi has treated Plaintiff for a disability relevant to this lawsuit and may have information regarding Plaintiff's medical condition and accommodation requests. She can be reached at the following location:

> Emory Specialty Associates, Emoray at Duluth Family Practice
> 4245 Pleasant Hill Road
> Duluth, GA 30096
> 678-417-0077

4) Dr. Kavita Gone

Dr. Gone has treated Plaintiff for a disability relevant to this lawsuit and may have information regarding Plaintiff's medical condition and accommodation requests. She can be reached at the following location:

> Emory Specialty Associates, Emoray at Duluth Family Practice
> 4245 Pleasant Hill Road
> Duluth, GA 30096
> 678-417-0077

5) Dr. Sudeshna Nandi

Dr. Nandi has treated Plaintiff for a disability relevant to this lawsuit and may have information regarding Plaintiff's medical condition and accommodation requests. She can be reached at the following location:

> River Parc Internal Medicine
> 4855 River Green Parkway, Suite 140
> Duluth, GA 30096
> 678-417-0077

6) Dr. Pamela Gayles

Ms. Gayles works for Defendant as the Executive Director of Human Resources. She has personal knowledge of Plaintiff's employment, disability, accommodation requests, and employment status.

7) Mr. Ronnie Wade

Mr. Wade works for Defendant as the Chief Human Resources Officer. He has personal knowledge of Plaintiff's employment, disability, accommodation requests, and employment status.

8) Ms. Gina Rome

Ms. Rome works for Defendant in the Human Resources Department. She has personal knowledge of Plaintiff's employment, disability, and accommodation requests.

9) Ms. Kindra Smith

Ms. Smith is the Principal at Elkins Pointe Middle School. She has personal knowledge of Plaintiff's employment, disability, accommodation requests, and employment status.

**4.      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B).**

No responsive persons exist at this time.

**5.     Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control, that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

The following is a description of documents within the possession, custody, or control of Plaintiff and may be used to support her claims, unless solely for impeachment.

1)     Plaintiff's EEOC documentation.

2)     Emails between Plaintiff and representatives of Defendant regarding Plaintiff's accommodation requests.

3)     Medical documentation relevant to Plaintiff's disabilities.

**6.     Provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or**

**evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.**

Plaintiff identifies the following damages:

1) Back pay plus interest from date of termination to present, amount still to be determined;

2) Compensatory damages to be determined by jury;

3) Punitive damages to be determined by jury; and

4) Attorney fees based on the *Lodestar* formula.

**7.     Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E).**

Plaintiff is unaware of any relevant insurance agreements that may provide coverage for the claims set forth in the complaint.

**8.** **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.**

No responsive persons exist.

Respectfully submitted this 16th of December, 2019.

        THE KIRBY G. SMITH LAW FIRM, LLC

        /s/Kirby G. Smith
        Kirby G. Smith
        Georgia Bar No. 250119
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing **PLAINTIFF'S INITIAL DISCLOSURES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 16th of December, 2019.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RUBY RUIZ,**<br><br>    **Plaintiff,**<br><br>**V.**<br><br>**FULTON COUNTY SCHOOL DISTRICT,**<br><br>    **Defendant.** | 1:19-cv-02943-ODE-JCF |

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, I electronically filed the foregoing PLAINTIFF'S INITIAL DISCLOSURES with the Clerk of Court via the court's CM/ECF system.

                                            THE KIRBY G. SMITH LAW FIRM, LLC

                                            /s/Kirby G. Smith__
                                            Kirby G. Smith
                                            Georgia Bar No. 250119

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com